IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR CEASER,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONS AND REHABILITATION,<br>et al.,<br><br>    Defendants.<br>_____/ | No.  CIV.S-05-1540 DFL DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court on September 8, 2006, for hearing on defendants Terri Turner (erroneously sued as "Pasty Turner") and Dave Jakabosky's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff, proceeding pro se, appeared on his own behalf.  Catherine Woodbridge appeared on behalf of defendants.  Having considered all written materials submitted in connection with the motion, and after hearing oral argument,[1] the

/////

---

[1] Plaintiff did not file opposition but appeared at the hearing and was permitted to argue in opposition to the motion.

1

1  undersigned will recommend that this 42 U.S.C. § 1983 action be
2  dismissed as barred by the applicable statute of limitations.
3             A motion to dismiss pursuant to Rule 12(b)(6) of the
4  Federal Rules of Civil Procedure tests the sufficiency of the
5  complaint.  See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d
6  578, 581 (9th Cir. 1983).  Dismissal of the complaint or of any claim
7  within it "can be based on the lack of a cognizable legal theory or
8  the absence of sufficient facts alleged under a cognizable legal
9  theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th
10 Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749
11 F.2d 530, 534 (9th Cir. 1984).
12            In considering a motion to dismiss for failure to state a
13 claim, the court accepts as true all material allegations in the
14 complaint and construes those allegations, as well as the reasonable
15 inferences that can be drawn from them, in the light most favorable
16 to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73
17 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).
18 In a case where the plaintiff is pro se, the court has an obligation
19 to construe the pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026,
20 1027 n.1 (9th Cir. 1985)(en banc).  However, the court's liberal
21 interpretation of a pro se complaint may not supply essential
22 elements of a claim that are not pled.  Pena v. Gardner, 976 F.2d
23 469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska,
24 673 F.2d 266, 268 (9th Cir. 1982).
25 /////
26 /////

1      Liberally construed, plaintiff's amended complaint alleges
2 a violation of his civil rights by defendants Turner and Jakabosky,
3 two parole officers based in Woodland, California.  The amended
4 complaint alleges that defendants used excessive force during an
5 encounter with plaintiff, who had entered a local parole office
6 seeking assistance, and thereafter conspired to cover-up the
7 incident.  The amended complaint prays for damages and an order
8 requiring "outside consultants" to monitor defendants so as to
9 prevent any future incidents of excessive force.

10     Defendants persuasively argue that the complaint concerns
11 an incident that occurred on May 25, 2001.  The complaint contains no
12 specific allegations regarding any events subsequent to May 25, 2001,
13 and the allegations of a "cover-up" are very brief and conclusory.[2]
14 Plaintiff did not initiate this action until he filed a complaint on
15 August 2, 2005.  Therefore, this § 1983 action is untimely under the
16 applicable one-year statute of limitations.[3]  See Wilson v. Garcia,
17 471 U.S. 261, 280 (1985)(statute of limitations for § 1983 claim is
18 governed by period set forth in state tort law for personal injury
19 actions); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), cert.
20 /////

---

[2] "Defendants attempted to cover up the illegal use of force ... by the fact that there was no internal affairs investigation."  (Am. Compl. para. 35.)

[3] California's personal injury statute of limitations applicable to § 1983 actions changed from one year to two years effective January 1, 2003.  See Cal. Civ. Proc. Code § 335.1.  However, given the date of the alleged incident, this change in the law is not an issue in the instant case.

3

1  denied, 529 U.S. 1117 (2000)(same).  Plaintiff's amended complaint is
2  subject to dismissal for this reason.⁴

3          Accordingly, IT IS HEREBY RECOMMENDED that defendants'
4  motion to dismiss be granted and this entire action be dismissed as
5  barred by the applicable statute of limitations.

6          These findings and recommendations are submitted to the
7  United States District Judge assigned to the case, pursuant to the
8  provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after
9  being served with these findings and recommendations, any party may
10 file written objections with the court and serve a copy on all
11 parties.  Such a document should be captioned "Objections to
12 Magistrate Judge's Findings and Recommendations."  The parties are
13 advised that failure to file objections within the specified time may
14 waive the right to appeal the District Court's order.  See Martinez
15 v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: September 12, 2006.

                                        _____
                                        DALE A. DROZD
                                        UNITED STATES MAGISTRATE JUDGE

20 DAD:th
   ddad1\orders.prose\ceaser1540.f&r

---

25     ⁴ In light of the recommendation herein, it is unnecessary to
   address the other arguments advanced by defendants in support of the
26 motion to dismiss.

4